# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL DEWAYNE REDWAY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1] | ) ) ) ) |
| Defendant. | ) ) |

Case No. CIV-16-19-RAW-SPS

## REPORT AND RECOMMENDATION

The claimant Darrell Dewayne Redway requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born December 20, 1965, and was forty-nine years old at the time of the administrative hearing (Tr. 43, 191). He completed the eleventh grade, and has worked as a forklift operator, bomb loader, track repairer, and shipping/receiving clerk (Tr. 25, 43). The claimant alleges that he has been unable to work since November 28, 2013, due to depression, anxiety, left knee total replacement, high blood pressure, diabetes, blood in urine, heart catheter, body pain, arthritis in knee, right knee needing replacement, and pain interfering with the ability to concentrate and persist (Tr. 15, 311).

## Procedural History

On January 9, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ James Bentley held an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 8, 2015 (Tr. 13-28). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift/carry twenty pounds occasionally and ten pounds frequently with frequent but not constant handling and fingering bilaterally, and stand/walk and sit six hours in an eight-hour workday, except that he required a sit/stand option defined as a temporary change in position from sitting to standing and vice versa with no more than one change in position every twenty minutes and without leaving the workstation so as not to diminish pace or production. Additionally, the ALJ found he could only occasionally climb ramps or stairs, balance, stoop, and crouch, but that he could never climb ladders, ropes, or scaffolding, nor could he kneel or crawl. Mentally, the ALJ found the claimant was limited to simple repetitive tasks as well as some complex tasks, and that he was limited to occasional contact with coworkers, supervisors, and the general public (Tr. 20). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economy he could perform, *i. e.*, small product assembler, electrical accessories assembler, and conveyor line bakery (Tr. 25-27).

## Review

The claimant contends that the ALJ erred by: (i) failing to account for his all his impairments in formulating the RFC, particularly as to his mental impairments, and (ii) failing to properly account for his subjective complaints. The undersigned Magistrate

Judge agrees with the claimant's first contention that the ALJ failed to properly assess the claimant's RFC, and the decision of the Commissioner should therefore be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of osteoarthritis with left knee replacement, osteoarthritis in bilateral knees and hands, hypertension, generalized anxiety disorder, major depression single episode severe without psychotic features, panic disorder with agoraphobia, social phobia, and avoidant personality disorder (Tr. 15). The relevant medical evidence reveals that the claimant injured his left knee in 2000 resulting in the rupture of the left patellar tendon, for which he underwent a repair and revision (Tr. 362, 365). In 2007, he underwent a repair of a right infrapatellar rupture (Tr. 368). On December 2, 2013, he underwent a left total knee arthroplasty (Tr. 371).

As to his mental impairments, the record reflects the claimant complained of stress following his 2013 knee surgery, noting he had anxiety and looked depressed (Tr. 452). At a physical consultative examination, Dr. Robert Cortner noted the claimant had a decreased range of motion to differing degrees on both knees (Tr. 517). Additionally, Dr. Cortner assessed the claimant with GERD, a history of chest pain that was likely secondary to GERD, depression, anxiety, high blood pressure, and bilateral knee pain status post multiple surgeries and knee replacements not well controlled with decrease in abnormal gait (Tr. 517).

On May 1, 2014, clinical psychologist William Bryant, Ph.D., conducted a mental status evaluation of the claimant (Tr. 525). He observed that the claimant had to stand up

twice during the evaluation, and had trouble getting out of the chair at the end of the session, and thus found that his physical challenges were credible (Tr. 528). As to mental impairments, Dr. Bryant found that the claimant was manipulative and narcissistic, stating that most of his psychological symptoms were "completely self-serving" (Tr. 528). However, he also stated that the claimant had Generalized Anxiety Disorder, of moderate severity, and that he did not malinger (Tr. 528).

On October 8, 2014, the claimant presented to Carl Albert Community Mental Health Center for treatment (Tr. 571). He was noted to have intact judgment and impulse control, but only fair insight and concentration (Tr. 572). He was assessed with major depression, single episode, severe, without psychotic features; panic disorder with agoraphobia; social phobia; generalized anxiety disorder; and being a victim of physical abuse as a minor (Tr. 572-573). He was also assessed on Axis II with avoidant personality disorder (Tr. 573). He was given a global assessment of functioning (GAF) score of 45, noting that it had been 75 at the highest in the past year (Tr. 573). A treatment note from April 15, 2015 states that the claimant was doing better with his depression and anxiety, but that it was still severe, that his sleep was still poor and medication was not working at a lower dosage, but that he had a good appetite (Tr. 577). Finally, the note concludes by stating that the claimant was having panic attacks daily (Tr. 577).

Two state reviewing physicians determined that the claimant could perform light work with the postural limitations of only occasionally climbing ramps/stairs/ladders/scaffolds, kneeling, crouching, and crawling (Tr. 72, 98). As to his

mental impairments, two state reviewing physicians found the claimant was moderately limited in the ability to understand and remember detailed instructions, and carry out detailed instructions (Tr. 74, 100). They concluded that the claimant had sufficient concentration and memory to do simple, repetitive tasks and some complex tasks (Tr. 75, 101).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record. As to his mental impairments, he noted the claimant's testimony of long-term depression, anxiety attacks for four years, and severe stress since 2005 (Tr. 21). The ALJ then summarized Dr. Bryant's CE report, noting that "most" of his psychological symptoms were "completely self-serving" (Tr. 22). He also acknowledged the notation from Carl Albert that stated the claimant's depression and anxiety were improving, but did not discuss the portion of the note indicating that they were still severe and he was still experiencing daily panic attacks (Tr. 22). Near the conclusion of his step four analysis, the ALJ then stated, "As a precaution secondary to his mental impairments, I have also determined that he is limited to simple repetitive tasks as well as some complex tasks with occasional contact with coworkers, supervisors, and the general public" (Tr. 25).

As an initial matter, the undersigned Magistrate Judge notes that although the ALJ *did* include some limitations related to the claimant's "mental impairments" in the RFC, the ALJ has connected no evidence in the record to instruct this Court as to how such a limitation accounts for each of the claimant's severe mental impairments, *i. e.*, generalized anxiety disorder, major depression single episode severe without psychotic

features, panic disorder with agoraphobia, and avoidant personality disorder. *See Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work."). Furthermore, the ALJ failed to properly account for *all* of Dr. Bryant's opinion, and engaged in improper picking and choosing of the records from Carl Albert in order to minimize the effect of the claimant's anxiety and depression. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d at 1219 (10th Cir. 2004). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'"). This was a significant omission here because these impairments can have limitations that directly impact the claimant's ability to perform work. Instead, the ALJ should have explained why the claimant's severe mental impairments did not call for corresponding limitations in the RFC rather than characterizing generalized limitations as a "precaution." *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the

evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir 1984).

The undersigned Magistrate Judge further notes that the Social Security Administration eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007). In light of the ALJ's use of boilerplate language in evaluating credibility in the first instance in this case, the undersigned Magistrate finds that remand for proper analysis under the new guidance would likewise be advisable here.

Because the ALJ failed to properly assess the claimant's RFC, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis of *all* the evidence related to the claimant's impairments. If such analysis on remand results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 22nd day of August, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**